IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LANCE THIESSEN and
CANYON DEL BUEY, LLC,

    Plaintiffs,

v.                                                                                                No. 19-cv-0779 CG/SMV

EMILY IRWIN; ADAM MENDONCA;
CALVIN JOYNER; and
THE UNITED STATES DEPARTMENT
OF AGRICULTURE, FOREST SERVICE;

    Defendants.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiffs' Response to the Order to Show Cause [Doc. 10], filed on January 20, 2020. Plaintiffs fail to show good cause for their failure to adequately serve Defendant United States Department of Agriculture, Forest Service ("Forest Service"). Accordingly, the Court recommends that all claims against Defendant Forest Service be dismissed without prejudice for lack of service.

BACKGROUND

Plaintiffs filed their Complaint against Defendants on August 26, 2019. [Doc. 1] at 1. Plaintiffs had 90 days from filing the Complaint, or until November 25, 2019, to effect service of process. Fed. R. Civ. P. 4(m) (2015). As of January 2, 2020, there was no indication on the record that service of process has been effected with respect to the Defendant Forest Service. *See* [Doc. 8]. Accordingly, the Court ordered Plaintiffs to show good cause why their claims against Defendant Forest Service should not be dismissed without prejudice for failure to comply with the

service provision of Rule 4(m). [Doc. 8] (citing *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

Plaintiffs timely responded on January 20, 2020, indicating that they had "served Defendant [Forest Service] at the address authorized to receive services: 1400 Independence Ave. SW, Washington, DC 20250-1111 via certified return receipt mail [on September 17, 2019]." [Doc. 10] at 1. On that basis alone—the basis that Plaintiffs have served Defendant Forest Service by certified mail in Washington, D.C.—Plaintiffs ask the Court to quash the Order to Show Cause. *Id.*

## ANALYSIS

Plaintiffs' attempt to serve Defendant Forest Service is inadequate. In order to adequately serve a United States agency, like the Forest Service, a plaintiff must meet the multiple service requirements found in the rules of procedure. For example, the United States Attorney for the district where the action is brought must be notified as laid out in Fed. R. Civ. P. 4(i). Notifying the United States Attorney pursuant to the rule is merely one of the multiple service requirements. The portion of Rule 4(i) that explains how to serve the United States and its agencies reads:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
> (1) United States. To serve the United States, a party must:
> (A)
> (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

>>>>>>(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>>>>>(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>>>>>(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i).

Plaintiffs fail to show that they have adequately served Defendant Forest Service as required by Rule 4(i), because (as one example) they do not allege, much less how, that they have notified the United States Attorney for the District of New Mexico. Additionally, Plaintiffs fail to show good cause for their failure to adequately and timely serve Defendant Forest Service. *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1437 (10th Cir. 1994) (holding that where the plaintiffs failed to serve the proper parties, good cause was not shown even though the statute of limitations had run, the plaintiffs' counsel had misinterpreted the applicable rule of procedure, the defendants allegedly failed to show that they would be prejudiced by an extension, and the defendants may have had actual notice of the lawsuit). Nor have Plaintiffs requested an extension of time to adequately serve Defendant Forest Service. Plaintiffs are represented by counsel, and the Court sees no policy reason to initiate a permissive extension. *See Espinoza*, 52 F.3d at 841–42. For example, Plaintiffs have not argued that refiled claims would be time barred. Nor are Plaintiffs entitled to a mandatory extension of time under Rule 4(i)(4)(A), because they have not served the United States Attorney or the Attorney General of the United States.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiffs' claims against Defendant United States Department of Agriculture, Forest Service be **DISMISSED without prejudice** for lack of service. *See Espinoza*, 52 F.3d at 841.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**