IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LANCE THIESSEN, et al.,

    Plaintiffs,

v.                                                                      CV No. 19-779 CG/SMV

EMILY IRWIN, et al.,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING DEFENDANT UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE

**THIS MATTER** is before the Court on the *Proposed Findings and Recommended Disposition* ("PFRD"), (Doc. 11), issued by the Honorable Stephan M. Vidmar, United States Magistrate Judge, on January 23, 2020. In the PFRD, Judge Vidmar recommended dismissing Defendant United States Department of Agriculture, Forest Service ("Forest Service") for lack of service. Plaintiffs have filed no objection, and the time for doing so has passed. As such, the Court will adopt the PFRD and dismiss Defendant Forest Service without prejudice for lack of service.

      Plaintiffs filed their Complaint against Defendants on August 26, 2019. (Doc. 1 at 1). Plaintiffs had 90 days from filing the Complaint, or until November 25, 2019, to effect service of process. Fed. R. Civ. P. 4(m). As of January 2, 2020, there was no indication on the record that service of process has been effected with respect to Defendant Forest Service. *See* (Doc. 8). Accordingly, Judge Vidmar ordered Plaintiffs to show good cause why their claims against Defendant Forest Service should not be dismissed without prejudice for failure to comply with the service provision of Rule 4(m). (Doc. 8) (citing *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

Plaintiffs timely responded on January 20, 2020, indicating they had "served Defendant [Forest Service] at the address authorized to receive services: 1400 Independence Ave. SW, Washington, DC 20250-1111 via certified return receipt mail [on September 17, 2019]." (Doc. 10 at 1). On that basis alone—the basis that Plaintiffs had served Defendant Forest Service by certified mail in Washington, D.C.—Plaintiffs asked Judge Vidmar to quash the Order to Show Cause. *Id.* He did not.

Instead, Judge Vidmar issued his PFRD, finding that Plaintiffs had failed to adequately serve Defendant Forest Service as required by Fed. R. Civ. P. 4(i). (Doc. 11). He found that Plaintiffs had not alleged, much less shown, that they had notified the United States Attorney for the District of New Mexico. *Id.* at 3. Additionally, he found that Plaintiffs had not shown good cause for their failure to adequately and timely serve Defendant Forest Service. *Id.* (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1437 (10th Cir. 1994) (holding that where the plaintiffs failed to serve the proper parties, good cause was not shown even though the statute of limitations had run, the plaintiffs' counsel had misinterpreted the applicable rule of procedure, the defendants allegedly failed to show that they would be prejudiced by an extension, and the defendants may have had actual notice of the lawsuit)). Judge Vidmar further found that Plaintiffs had not requested an extension of time to adequately serve Defendant Forest Service. *Id.* Finally, he saw no policy reason to initiate a permissive extension. *Id.* (citing *Espinoza*, 52 F.3d at 841–42). Nor, as he saw it, were Plaintiffs entitled to a mandatory extension of time under Rule 4(i)(4)(A). *Id.*

Plaintiffs had 14 days to object to the PFRD, *id.* at 4, but they neither objected, nor requested any extension of time to do so.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's *Proposed Findings and Recommended Disposition*, (Doc. 11), shall be **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant United States Department of Agriculture, Forest Service shall be **DISMISSED without prejudice** for lack of service. *See Espinoza*, 52 F.3d at 841.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE