IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LANCE THIESSEN, et al.,

    Plaintiffs,

v.                                                                                            CV No. 19-779 CG/SMV

EMILY IRWIN, et al.,

    Defendants.

## ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT

**THIS MATTER** is before the Court on Plaintiffs' *Request for Entry of Default* ("Motions"), (Doc. 17), (Doc. 18), (Doc. 19), filed February 10, 2020; and Defendants' *Response to Plaintiffs' February 10, 2020 Request for Entry of Default* ("Responses"), (Doc. 23), (Doc. 24), (Doc. 25), filed February 13, 2020. Plaintiffs did not file a reply and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response."). In the Motions, Plaintiffs request the Clerk of Court enter default against Defendants Adam Mendoca, Calvin Joyner, and Emily Irwin, pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 17 at 1); (Doc. 18 at 1); (Doc. 19 at 1). In response, Defendants contend Plaintiffs have failed to properly serve the United States Attorney for the District of New Mexico, therefore precluding an entry of default. (Doc. 23 at 1-2); (Doc. 24 at 1-2); (Doc. 25 at 1-2). The Court, having reviewed the parties' filings and the relevant law, finds Plaintiffs' Motions are not well-taken and shall be **DENIED**.

Under Federal Rule of Civil Procedure 55(a), a party may move the clerk to enter default against an opposing party who has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Although Rule 55(a) contemplates that "entry

of default is a ministerial step to be performed by the clerk of the court, a district court maintains inherent power to exercise discretion in determining whether to enter a default." *Cox v. Dodd*, 2019 WL 6496605, at *1 (D. Colo. Dec. 3, 2019) (unpublished). The central question that must be addressed before the clerk or the court enters default for the moving party is whether service was perfected. *See Dewey v. City of Topeka*, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997) (unpublished) ("As it has not resolved the issue of whether service was proper, under no circumstance would the court enter default judgment against the [defendant]."). Indeed, "it is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Id.* In this regard, "[t]he clerk's function is not perfunctory; before entering a default, the clerk must examine the affidavits filed and find that they meet the requirements of Rule 55(a)." *Cox*, 2019 WL 6496605, at *1.

Here, Defendants contend entry of default is improper because service was never perfected. (Doc. 23 at 1-2); (Doc. 24 at 1-2); (Doc 25 at 1-2). Under Rule 4(i)(1)(A)(i), to serve an agency, corporation, officer, or employee of the United States, a plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the actions is brought." Presently, each named Defendant in this case is an employee of the United States Department of Agriculture, an agency of the United States federal government. As a result, Plaintiffs were required to serve the United States attorney for the District of New Mexico to perfect service on Defendants. *See* Fed. R. Civ. P. 4(i)(1)(A)(i). There is no indication in the record that

Plaintiffs have properly effectuated service or otherwise complied with the requirements of Rule 4. Therefore, Plaintiffs' Motions for entry of default must be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Request for Entry of Default*, (Doc. 17), (Doc. 18), (Doc. 19), are **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE