IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LANCE THIESSEN, et al.,

    Plaintiffs,

v.                                                                                        CV No. 19-779 CG/SMV

EMILY IRWIN, et al.,

    Defendants.

## **ORDER GRANTING MOTION TO DISMISS FOR LACK OF SERVICE**

**THIS MATTER** is before the Court on Emily Irwin, Adam Mendonca, and Calvin Joyner's *Federal Defendants' Motion to Dismiss for Lack of Service* (the "Motion"), (Doc. 22), filed February 13, 2020. Plaintiffs did not file a Response to Defendants' Motion and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A response must be served within fourteen (14) calendar days after service of the motion."). The Court, having reviewed the Motion and the relevant law, finds the Motion is well-taken and shall be **GRANTED** and this case shall be **DISMISSED WITHOUT PREJUDICE** for Plaintiffs' failure to properly serve the remaining Defendants.

On January 23, 2020, Plaintiffs were advised by the Honorable Stephan M. Vidmar that service had not been perfected on Defendant United States Department of Agriculture. (Doc. 11). Despite being provided the opportunity to object to this finding, or otherwise explain their deficiency in service, Plaintiffs did not respond to Judge Vidmar's recommendation for dismissal. (Doc. 20 at 1). As a result, Defendant United States Department of Agriculture was dismissed without prejudice from this action on February 10, 2020. *Id.* Shortly thereafter, Plaintiffs were notified that service was also not

perfected with respect to the three remaining Defendants – Emily Irwin, Adam Mendonca, and Calvin Joyner. (Doc. 26).

In their present Motion, Defendants argue Plaintiffs' Complaint should be dismissed for failure to follow the service requirements mandated by Federal Rule of Civil Procedure 4(i). (Doc. 22 at 1). Specifically, Defendants contend that as employees of a United States agency, Plaintiffs were required to serve the Summons and Complaint on the United States Attorney for the District of New Mexico. *Id.* Plaintiffs did not file a response to Defendants' Motion.

Federal Rule of Civil Procedure 4(i) requires service of the summons and the complaint "to the United States attorney for the district where the action is brought," when a plaintiff initiates an action against "the United States and its Agencies, Corporations, Officers, or Employees." *See* Fed. R. Civ. P. 4(i)(1)(A)(i). When a plaintiff fails to perfect service under Rule 4, "the district court shall dismiss the action without prejudice or direct that service be effected within a specified time." *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (quoting Rule 4(m)). If a plaintiff fails to demonstrate "good cause" for their deficient service, it is "within the district court's discretion" to either grant a "permissible extension of time" to perfect service or to dismiss the case without prejudice. *Id.*

Based on the record and the parties' previous pleadings, there is no evidence that Plaintiffs attempted to perfect service against the three remaining Defendants. *See* (Doc. 26 at 2). In addition, the Court finds that granting Plaintiffs a "permissible extension of time" to serve the remaining Defendants would not further the interests of the parties in this case. *See Espinoza*, 52 F.3d at 841. Indeed, the Court has advised

2

Plaintiffs in three separate written Orders that they must comply with Rule 4(i), and Plaintiffs have not attempted to rectify their error, request an extension with an explanation demonstrating good cause, or otherwise explain their non-compliance with the federal rules. Given the Court's continued notice to Plaintiffs, allowing them a fourth opportunity to properly serve Defendants would likely be to no avail. As such, the Court finds *Federal Defendants' Motion to Dismiss for Lack of Service*, (Doc. 22), shall be **GRANTED** and this case shall be **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE